IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO.: 3:24-CR-00189 |
| | ) | JUDGE WAVERLY CRENSHAW |
| DAVID AARON BLOYED | ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

COMES NOW the Defendant, by and through the undersigned attorney, Meggan B. Sullivan, and submits this sentencing memorandum in this matter on behalf of David Bloyed. For the reasons outlined in greater detail below, the Defendant asks this Court to sentence him to 24 months imprisonment as it reflects the need for deterrence of the Defendant's crimes, the Defendant's medical condition and provides adequate deterrence to others who would commit these crimes. Accordingly, the Defendant recommends that the Defendant be sentenced to 24 months imprisonment followed by a three-year term of supervised release.

## APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

While a sentencing court must start any sentencing procedure with a calculation of the applicable Guideline range, the court must then consider the argument of the parties and factors set forth in 18 U.S.C. § 3553(a). See *Peugh v. Defendant*, 569 U.S. 530, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). The factors that the court is to consider are outlined below with a brief discussion of their applicability or inapplicability following that follows:

**A. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Mr. Bloyed has suffered chronic health problems since birth. Since being incarcerated, Mr. Bloyed has been in and out of the hospital suffering from an undiagnosed chronic health issue. Those incidents of hospitalization are documented in the presentencing report (PSR @ 51-55). Currently, he is not receiving adequate healthcare treatment. In addition, it is somewhat reflective in the presentencing report that Mr. Bloyed's prior physician confirmed some signs of potential psychological disorder when he encouraged him to apply for Supplemental Security Disability Income (PSR @ 47). Mr. Bloyed apparently receives SSI for some psychological disorder or depression.

**B.  § 3553(a)(2)(A) – Sentence Reflects the Seriousness of the Offense to Promote Respect for the Law, and to Provide Just Punishment for the Offense and § 3553(a)(2)(C) – Sentence Protects the Public from Further Crimes of the Defendant.**

Mr. Bloyed poses a low risk of recidivism and Section 3553(a)(2)(C) requires the judge to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." This purpose relates to both the defendant's risk of recidivism and the danger, if any, posed by the defendant. See *United States v. Rosales Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015). A sentence of 24 months is a substantial sentence for this Defendant. When a defendant receives a substantial federal sentence as their first sentence of incarceration, it has a more deterrent effect. This sentence has been served several hours away and in a different state than where most of his family live. Protection of the public can adequately be addressed by a sentence of 24 months. A sentence which includes incarceration above 24 months is greater than necessary and this factor weighs in favor of the Defendant.

**C.  §3553(a)(6) – Sentence Avoids Unwarranted Sentence Disparities Section 3553(a)(6) requires the judge to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."**

Courts must consider how similarly situated defendants are sentenced. Among those

indicted in these cases, according to the Judicial Information System, the average sentence in these cases is thirty-one months and the median sentence is thirty-three months.

The Defendant submits that the Guideline range contained in the PSR is below the statutory maximum for this offense and that there are no amendments to the Guidelines or relevant federal statutes that apply to this Defendant. The Defendant notes that this sentence is not pursuant to a violation of probation or supervised release. The Defendant is unaware of any pertinent policy statements concerning this Defendant's charged conduct. The Defendant respectfully submits that a sentence of 24 months would not be a disparate sentence when one considers sentences within this district, this state and the Defendant that have been ordered for similarly situated defendants.

**CONCLUSION**

At the time of sentencing, the Defendant will have almost served 12 months in federal custody. Accordingly, the Defendant submits that a sentence of 24 months is appropriate given the scale of Defendant's misconduct and is consistent with the national average of 31 months with a slight downward variance for Bloyed's medical condition and psychological issues.

DATE:            October 7, 2025                    RESPECTFULLY SUBMITTED,

*/S/ Meggan Bess Sullivan*
MEGGAN BESS SULLIVAN
222 2nd Avenue South
Suite 1700
Nashville, TN 37219
(615) 457-0449
msullivan@chapmanlawgroup.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Memorandum in Aid of Sentencing was served via the Court's CM/ECF system on AUSA Joshua Kurtzman on  October 7, 2025.

*/s/ Meggan Bess Sullivan*